```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION


Jose E. Ortiz,                  :

              Plaintiff,        :    Civil Action 2:06-cv-0562

    v.                          :    JUDGE WATSON

Jim Karnes, et al.,             :

              Defendants.       :
```

REPORT AND RECOMMENDATION

Plaintiff, Jose E. Ortiz, filed this action against three defendants alleging various violations of his constitutional rights.  The three named defendants are Jim Karnes, Franklin County Sheriff; Ron O'Brien, Franklin County Prosecutor; and Governor Bob Taft.  The case is currently before the Court for an initial screening which is required under 28 U.S.C. §1915A.  That statute requires the Court to review a complaint in a civil action in which a prisoner seeks redress from the governmental officer and also requires dismissal of the complaint or any portion of the complaint if it fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, it will be recommended that the claims against Governor Taft and Prosecutor O'Brien be dismissed in their entirety, and that the claims against Sheriff Karnes related to access to a law library be dismissed.  It will be further recommended that the balance of the complaint be served upon Sheriff Karnes.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings <u>in forma pauperis</u>, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to

state a claim on which relief can be granted...." 28 U.S.C. §1915A further provides that in any prisoner case, the Court shall dismiss the complaint or any portion of it if, upon an initial screening, it appears that the complaint fails to state a claim upon which relief can be granted or seeks monetary damages from a defendant who is immune from suit. The purpose of these statutory sections is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may be dismissed for failure to state a claim upon which relief can be granted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Claims against defendants who are immune from suits for money damages, such as judges or prosecutors acting in their judicial or prosecutorial capacity, are also within the ambit of §1915A. Pro se complaints are to be construed liberally in favor of the pro se party. See Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed in forma pauperis will be considered.

2

II.

 The Court begins with the claims against Governor Taft and Prosecutor O'Brien because they appear to arise out of the same set of facts.  Mr. Ortiz claims that he was improperly extradited to the State of Ohio for prosecution.  He claims that the extradition occurred in violation of the Interstate Agreement on Detainers Act and that Prosecutor O'Brien made false statements which were designed to induce Governor Taft to sign an extradition warrant that should never have been issued.  He also asserts that he is being prosecuted without probable cause, that his prosecution violates the double jeopardy clause of the United States Constitution, that the prosecutor has engaged in prosecutorial overcharging, and that Prosecutor O'Brien, through agents of the Sheriff's Office, attempted to interrogate him without his attorney being present and in violation of his Miranda rights.

 Mr. Ortiz's claim against Governor Taft appears to arise solely out of the issuance of the extradition warrant.  The issuance of such a warrant by a state governor is a quasi-judicial act for which absolute immunity from suit is available.  See White v. Armontrout, 29 F.3d 357 (8th Cir. 1994); see also Cote v. Kontos, 1989 WL 10854 (N.D. Ill. Feb. 8, 1989).  In fact, at least one court has recognized that all of the participants in an extradition proceeding, whether they be governors, prosecutors, or others, have absolute immunity from suit for any defects in the extradition procedure itself.  See Muhammad v. State, 2000 WL 1568210 (E.D. La. Oct. 18, 2000).  Such immunity is designed to protect public officials who participate in the extradition proceeding from suits for monetary damages brought by persons who, for various reasons, may be

dissatisfied with the fact that they have been extradited. Although extradition procedures themselves may, under certain circumstances, be challenged by way of a petition for a writ of habeas corpus (and it appears that Mr. Ortiz has filed such an action in this Court, see Case No. 2:06-cv-777), the officials who procured his extradition may simply not be sued for monetary damages under these circumstances.  Therefore, all of Mr. Ortiz's claims against Governor Taft, as well as his claims against Prosecutor O'Brien arising out of the extradition proceedings, are subject to dismissal.

    With respect to other claims against Prosecutor O'Brien, as a general matter, prosecutors are immune from suit for monetary damages when they act in their prosecutorial capacities.  See Imbler v. Pachtman, 424 U.S. 409 (1976); see also Burns v. Reed, 500 U.S. 478 (1991).  A prosecutor who procures an extradition warrant and otherwise accomplishes the extradition of a criminal defendant pursuant to the Interstate Agreement on Detainers Act is performing a prosecutorial function and is therefore immune from suit with respect to those activities.  Fitzgerald v. McCauley, 1986 WL 16064 (6th Cir. June 16, 1986); see also Tungate v. Thoms, 45 Fed. Appx. 502 (6th Cir. 2002).  To the extent that Mr. Ortiz seeks some type of injunctive relief against Prosecutor O'Brien relating to extradition proceedings, because such a claim would necessarily affect either Mr. Ortiz's custody status or the status of the ongoing prosecution, such a claim may not be asserted in a §1983 action but only in an action for a writ of habeas corpus.  Burris v. Deters, 2006 WL 2381546 (S.D. Ohio Aug. 16, 2006), citing Preiser v. Rodriquez, 411 U.S. 475, 499 (1973).  Further, because such relief would interfere with

4

an ongoing criminal prosecution, and Mr. Ortiz has the opportunity in the context of that prosecution to raise his constitutional claims, the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971) counsels against intervention.  Younger stands for the proposition that the state courts should be given the first opportunity to remedy defects in state criminal prosecutions, even if those defects are of a federal constitutional nature, out of appropriate respect for the state's strong interest in completing its criminal proceedings without interference from a federal court.  Only if the plaintiff will be subjected to great or irreparable harm if the prosecution continues without interference from a federal court, or if the state court refuses to provide the plaintiff with the opportunity to raise his constitutional claims in the context of his criminal prosecution, should the Court consider intervening.  Those are not the circumstances here.

     Most of the other claims against Prosecutor O'Brien also relate directly to the performance of the duties of a prosecutor.  Deciding to prosecute on an inadequate set of facts, prosecuting someone in violation of the double jeopardy clause, or including charges in an indictment which are more serious than the actual underlying factual conduct are all decisions which are made by prosecutors in the conduct of the duties of that office.  Whether they are rightful or wrongful, they can not be challenged by way of a §1983 action for monetary damages.  As the Supreme Court has recognized in Imbler, even a prosecutor's decision to use perjured testimony in order to obtain a conviction does not give rise to liability.  Absolute immunities are afforded to prosecutors so that they may go about discharging the duties of their office without fear from being unnecessarily hailed

into court by every dissatisfied criminal defendant.

Mr. Ortiz has articulated one claim, however, which may go beyond the scope of prosecutorial duties. He has asserted that Prosecutor O'Brien has attempted to have him interrogated from time to time in violation of his Miranda rights because he had requested an attorney but he was interrogated after that request was made. This assertion might, under certain circumstances, provide the basis for a constitutional claim against a prosecutor which would not be barred by prosecutorial immunity.

In this case, however, the alleged constitutional violation is the questioning of Mr. Ortiz in violation of his Miranda rights. The mere violation of Miranda during questioning, without the subsequent use of improperly-obtained answers in a criminal proceeding, does not violate the constitution or give rise to a claim under §1983. See Chavez v. Martinez, 538 U.S. 760 (2003); see also Olaniyi v. District of Columbia, 416 F. Supp. 2d 43, 62 (D.D.C. 2006) ("rather than the recovery of civil damages, the remedy for failing to administer Miranda warnings is the suppression and resulting inadmissibility of unwarned statements for most purposes at a criminal trial"). As a result, even if prosecutorial immunity does not apply to the alleged questioning of Mr. Ortiz in violation of Miranda, his complaint against Prosecutor O'Brien for that activity fails to state a claim upon which relief can be granted. As a result, all of the claims against Prosecutor O'Brien, like the claims against Governor Taft, are subject to dismissal.

III.

The only remaining defendant is Sheriff Karnes, who has custody of Mr. Ortiz through the operation of the Franklin County Jail. Mr. Ortiz alleges two separate types of claims

against Sheriff Karnes. The first is that he was not given access to legal materials while confined at the jail. The second is the jail conditions are inhumane and violate contemporary standards of decency.

With respect to Mr. Ortiz's claim concerning legal materials, he concedes that he was and is represented by an attorney with respect to his state criminal case. However, he argues that he should be given access to a law library or other legal materials both in order to assist his attorney in defending him and in order to prosecute his other legal actions. Neither of these contentions states a claim for which relief can be granted under §1983.

The landmark case in which the United States Supreme Court announced that incarcerated persons have a right either to the assistance of counsel or to adequate legal materials in order to defend themselves in criminal cases is Bounds v. Smith, 430 U.S. 817 (1977). Significantly, Bounds did not hold that an incarcerated person is entitled to both appointed counsel and independent access to legal materials, but only one or the other. The fact that either alternative can satisfy the constitutional requirement that an incarcerated person enjoy access to the courts has been reaffirmed in subsequent decisions. Thus, in this circuit, the Court of Appeals has held in Holt v. Pitts, 702 F.2d 639, 640 (6th Cir. 1983)(per curiam) that by appointing counsel for a criminal defendant "the state fulfilled its constitutional obligation to provide [the inmate] with full access to the courts." See also Martucci v. Johnson, 944 F.2d 291 (6th Cir. 1991). Consequently, there is no merit to Mr. Ortiz's claim that even though he has appointed counsel he should still be given access to legal materials in order fully to exercise his constitutional right of

access to the courts.

With respect to the other legal claims which Mr. Ortiz wishes to pursue, the Supreme Court held, in <u>Lewis v. Casey</u>, 518 U.S. 343 (1996) that the First Amendment right of access to the courts applies only to suits brought by inmates either to vindicate basic constitutional rights, such as the instant §1983 action, or to matters affecting the validity of their criminal conviction or the duration of their sentence, such as a direct appeal or a habeas corpus petition.  Other types of legal actions do not enjoy the same constitutional status.  "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  <u>Lewis v. Casey</u>, 518 U.S. at 355.  As a result, even if an incarcerated person, because of a denial of access to legal materials, is unable to prosecute or defend other types of civil actions, the inmate's constitutional right to access to the courts is not thereby infringed.  Mr. Ortiz has not pleaded that any of the other legal matters he wishes to pursue involve either a challenge to his criminal conviction or sentence, his incarcerated status, or his conditions of confinement.  Consequently, that portion of his complaint relating to access to legal materials simply fails to state a claim.

On the other hand, Mr. Ortiz has alleged that the county jail presents living conditions which are unacceptable and a violation of the Eighth Amendment.  Jail conditions can be challenged in a §1983 action as constituting cruel and unusual punishment in violation of the Eighth Amendment.  Thus, it will be recommended that, with respect to that portion of the complaint which asserts unconstitutional living conditions of the Franklin County

Jail, that service of process be ordered.

## IV.

Based upon the foregoing, it is recommended that all claims against Defendants O'Brien and Taft and those claims against Defendant Karnes relating to access to a law library or legal materials be dismissed. It is further recommended that the balance of the complaint be served upon Defendant Karnes.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a _de novo_ determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation _de novo_, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp

United States Magistrate Judge