IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jose E. Ortiz, :

    Plaintiff, :

v. : Case No. 2:06-cv-0562

Jim Karnes, et al., : JUDGE WATSON

    Defendants. :

## ORDER

    On December 4, 2006, the Magistrate Judge issued a Report and Recommendation in this case. In that report, the Magistrate Judge recommended that all of the plaintiff's claims against defendants Taft and O'Brien, the Governor of Ohio and the Franklin County Prosecuting Attorney, respectively, be dismissed, that claims against Franklin County Sheriff Jim Karnes concerning access to a law library at the Franklin County Jail be dismissed, and that the complaint be served on Sheriff Karnes with respect to conditions of confinement at the jail. Plaintiff, Jose Ortiz, has filed objections. The Court reviews the objections *de novo*. For the following reasons, the objections will be overruled.

    Mr. Ortiz's claims against Governor Taft and Prosecuting Attorney O'Brien all arise out of extradition proceedings which ultimately brought Mr. Ortiz to Ohio for prosecution on criminal charges. The Magistrate Judge concluded that both the Governor and the Franklin County Prosecutor enjoyed absolute immunity from suit while performing the duties of their office with respect to extradition proceedings. Mr. Ortiz objects, claiming that the Report and Recommendation failed to address his claims that both of these defendants violated the Uniform Criminal Extradition Act, and that immunity is not available under that statute.

    The immunity from suit enjoyed by a governor or a prosecuting attorney in connection with extradition proceedings is not limited to claims raised under the Constitution or under the Interstate Agreement on Detainers Act, but extends to any

allegation of unlawful conduct with respect to extradition. Moreover, the Court of Appeals for the Sixth Circuit has held that state officials cannot be sued in federal court for violations of the Uniform Criminal Extradition Act because the Act does not create any federal rights. The Court of Appeals has consistently refused to recognize a cause of action for violation of either the Uniform Criminal Extradition Act or other extradition statutes, and district courts in this circuit have consistently dismissed such cases. See Barton v. Norrod, 106 F.3d 1289 (6th Cir. 1997); Stockwall v. Friberg, 272 F.2d 386 (6th Cir. 1959); see also Norwood v. Ficano, 2000 WL 1679430 (6th Cir. October 31, 2000); Wilbanks v. City of Corinth, Mississippi, 2002 WL 1397240 (W.D. Tenn. January 4, 2002). Even in circuits which recognize such a cause of action, that cause of action is limited to a claim that the extradition occurred in the absence of any evidence of criminal wrongdoing; claims that procedures were violated during the course of an extradition proceeding are not cognizable in federal court. Knowlin v. Thompson, 207 F.3d 907 (7th Cir. 2000). Further, if the claim is based upon a lack of evidence, if the person who has been extradited is subsequently convicted, that conviction bars a §1983 claim until it is overturned for lack of evidence. Otherwise, entertaining a §1983 claim grounded in a lack of evidence of criminal wrongdoing would undercut the criminal conviction. Knowlin v. Thompson, supra, citing Heck v. Humphrey, 512 U.S. 477 (1994). Finally, as the Magistrate Judge pointed out, any inquiry into the sufficiency of the evidence being utilized by the State of Ohio to prosecute Mr. Ortiz would be barred by Younger v. Harris, 401 U.S. 37 (1971) because the State of Ohio grants criminal defendants the opportunity to raise issues concerning the sufficiency of the evidence in the course of a criminal prosecution. Although Mr. Ortiz alleges generally that he is being denied the opportunity to raise these issues in his state court case, the State of Ohio does permit such challenges to be raised not only during the course of a criminal prosecution but also on appeal. When that is so, Younger v. Harris requires the federal court to refrain from interfering in the course of a state criminal prosecution. For all of these reasons, the Court concludes that Mr. Ortiz's first objection is without merit.

Mr. Ortiz also objects to that portion of the Report and Recommendation which

concludes that he has not stated a claim for denial of access to the courts simply because the Franklin County Jail does not have an adequate law library. As the Report and Recommendation points out, so long as Mr. Ortiz was represented by counsel in his criminal proceeding, he has no constitutional entitlement to a law library. Although Mr. Ortiz raises issues concerning the adequacy of his counsel's representation, such failures cannot be attributed to Sheriff Karnes. Further, it would appear that any claim for injunctive relief on this issue is moot because Mr. Ortiz is no longer at the Franklin County Jail. Consequently, his second objection also lacks merit.

Based upon the foregoing, the objections to the Magistrate Judge's Report and Recommendation (#8) are OVERRULED and the Report and Recommendation is ADOPTED. This case is DISMISSED as to defendants Ronald J. O'Brien and Bob Taft for failure to state a claim against those two defendants. The claims relating to access to a law library at the Franklin County Jail are also dismissed. The Clerk is directed to mail a copy of this order, the complaint, and the Report and Recommendation to each defendant. The Marshal is directed to serve the Complaint on defendant Jim Karnes, who shall, within forty-five days, respond to the claim concerning conditions of confinement at the Franklin County Jail.

*(signature)*

MICHAEL H. WATSON
United States District Judge