```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION


Jose E. Ortiz,                  :

        Plaintiff,              :

   v.                           :      Case No. 2:06-cv-0562

Jim Karnes, et al.,             :      JUDGE WATSON

        Defendants.             :
```

## ORDER

This prisoner civil rights case was filed by Jose E. Ortiz, an inmate at the Franklin County Corrections Center.  On April 17, 2007, the Court adopted a Report and Recommendation of the Magistrate Judge, dismissed Mr. Ortiz' complaints concerning his extradition to Ohio and access to the law library, and allowed his condition of confinement claims against Franklin County Sheriff Jim Karnes to proceed.

After being served with the complaint, Sheriff Karnes filed a motion to strike or in the alternative for a more definite statement.  Sheriff Karnes contends that the complaint is so vague, redundant, and disorganized, that he cannot properly file an answer.  Responsive and reply memoranda have been filed, and the motion is now ripe for decision.  For the following reasons, the motion will be denied.

The gist of Sheriff Karnes' motion is that the handwritten complaint submitted by Mr. Ortiz is not a short and concise statement of his claim, does not contain separate averments in separately numbered paragraphs, intermingles Mr. Ortiz' now-dismissed claims against other defendants with the claims against Sheriff Karnes, and is otherwise so unintelligible that Sheriff Karnes cannot frame an appropriate responsive pleading.  As an alternative to striking the complaint altogether, he has

requested that the Court direct Mr. Ortiz to file an amended complaint which states with more precision the claims which survived the Court's initial screening.  Mr. Ortiz responds that he is limited by inadequate access to legal materials at the Franklin County Jail from framing a more appropriate complaint, and fears that if he does state his allegations with less detail, he will then be met with a motion to dismiss on grounds that he has not provided sufficient factual support for his claims.  In the Court's view, under the guiding principles applicable to Sheriff Karnes' motion, although the complaint in this case is not perfect, it is sufficiently intelligible to permit Sheriff Karnes to make a good faith response.

There is no question that Mr. Ortiz' complaint does not strictly comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  It is not a short and plain statement of his claim and it does not contain separately numbered paragraphs, each of which addresses a single factual averment.  However, the purpose behind the pleading rules contained in the Federal Rules of Civil Procedure is to provide fair notice to the defendant of the nature of the claims against him.  Thus, "[d]ismissal...is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise intelligible that its true substance, if any, is well disguised." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995), quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  In other words, "verbosity and 'imperfection' in form are not necessarily grounds to strike...pleadings, 'especially when those pleadings have been prepared by a *pro se* litigant untutored in the requirement of federal procedure or rules.'" Brenston v. Hammond Housing Auth., 2005 WL 2204865, *1 (N.D. Ind. September 9, 2005), quoting Federal Nat'l Mtg. Ass'n v. Cobb, 738 F.Supp. 1220, 1224 (N.D. Ind. 1990).

It is not always easy to draw the line between a complaint which, while non-compliant with the Federal Rules of Civil Procedure, is still not subject to being stricken, and a complaint which does not give the defendant either fair notice of the claims or a fair opportunity to respond. Generally, however, a complaint will be stricken if it is "'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself.'" Sefton v. Jew, 204 F.R.D. 104, 106 (W.D. Tex. 2000), quoting 5A C. Wright and A. Miller, Federal Practice and Procedure, §1376, at 577-78 (2d ed. 1990). On the other hand, the Court will accept for review a complaint that is "verbose and repetitive" and otherwise out of compliance with Rule 10(b) if "there can be no reasonable doubt that it provides defendants with adequate notice of a legally sufficient claim." Walker v. Graham, 2000 WL 875502 (N.D. Ill. June 28, 2000).

Here, especially as a result of Mr. Ortiz' responsive memorandum and the Court's order, it is plain that the only allegations to which Sheriff Karnes need respond are those which assert that there are unconstitutional conditions of confinement present at the Franklin County Corrections Center. Those allegations, while somewhat scattered throughout Mr. Ortiz' complaint, appear primarily on pages five through eleven. The allegations are sufficient to give Sheriff Karnes notice as to the various types of conditions which allegedly violate the Eighth Amendment, and he should be able to prepare a response, even if it is a simple denial, in good faith and without prejudicing his ability to defend the case. This is not a situation such as that presented in Gonzales v. Wing, 167 F.R.D. 352, 354 (N.D. N.Y. 1996), where the Court was confronted with a 287-page complaint without numbered paragraphs and which was so incredibly dense and verbose, containing so

> many factual averments with such specificity
> that it is impossible to discern which facts
> support, or are even relevant to, which
> claims [and with] so many repetitious factual
> allegations it is impossible to keep track of
> which allegations are redundant and which
> represent new allegations.

Here, the complaint is much shorter, the factual averments are much fewer, and although there is some repetition, it is not impossible for a responding defendant to discern the nature of the claims being made and to present in good faith a denial of those allegations which are believed to be untrue. Consequently, the Court finds that the motion to strike or for a more definite statement is not well-taken and it will be denied.

For the foregoing reasons, the motion of Defendant Jim Karnes, Franklin County Sheriff, to strike or in the alternative for a more definite statement (#14) is denied. An answer shall be filed within 10 days.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp

```
                         United States Magistrate Judge
```