IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jose E. Ortiz,                        :

    Plaintiff,                    :

  v.                                  :       Case No.  2:06-cv-562

Jim Karnes, et al.,                   :       JUDGE WATSON

    Defendants.                   :

ORDER

    This matter is before the Court on the defendants' second motion for leave to file a motion for summary judgment (#46) filed on June 15, 2010.  The amended deadline for filing summary judgment motions expired on May 31, 2010, and the Court noted in an order entered June 3, 2010, that no such motions had been filed.  On June 8, 2010, defendants moved for leave to file a motion for summary judgment, but leave was denied at that time on the basis that the defendants' motion failed to address the standard of good cause required to modify a scheduling order under Fed.R.Civ.P. 16(b)(4).

I.

    Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, <u>inter alia</u>, file motions, identify expert witnesses, and complete discovery.  The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

    Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," <u>Rouse v. Farmers State Bank</u>, 866 F.Supp.

1191, 1199 (N.D.Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198.  In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, Inc., 904 F.Supp. 1218, 1221 (D.Kan. 1995).  The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D.Ind. 1995).  Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997).  Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered.  Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir.2002).  The Court of Appeals has made it clear that this standard applies to any deadline set in a Rule 16 order, such as a date by which motions to amend the pleadings must be made (see Inge, supra), a discovery cutoff date (see Commerce Benefits Group v. McKesson Corp., 326 Fed.Appx. 369 (6th Cir. May 20, 2009)), or a date for filing summary judgment motions (see Andretti v. Borla Performance Industries, Inc., 426 F.3d 824 (6th Cir.2005).

                              II.
    The motion for leave is supported by the Affidavit of A. Paul Thies.  Mr. Thies first entered this case as one of the defendants' attorneys when he filed on their behalf a motion to dismiss for lack of prosecution on April 23, 2009.  By the time

that motion was resolved, the deadlines for completion of discovery and for filing summary judgment motions had passed. The Court established new dates for completing discovery and filing summary judgment deadlines, but left all other dates in the original scheduling order unchanged.  Mr. Thies states that for reasons unknown to him, the new deadline of May 31, 2010, for filing dispositive motions was inadvertently not added to his calendar.  Mr. Thies further declares that because Mr. Ortiz continued to take no actions, such as requests for discovery, the case escaped his attention.  He also says that it was not his intent to cause prejudice to Mr. Ortiz and that he believes his neglect has not resulted in any irreparable damage.

By his own admission, counsel for the defendants was less than diligent in defending this case from the time the motion to dismiss for want of prosecution was denied until the June 3, 2010 order was entered.  To his credit, however, once he became aware that the deadline for filing summary judgment motions had expired, he took immediate steps to correct his prior inattention.  In response to the motion for leave, Mr. Ortiz merely argues he is entitled to a jury trial because he has stated facts that, if true, would enable him to prevail on his Eighth Amendment claim.  Mr. Ortiz has not shown that he will be prejudiced if the summary judgment motion is filed two months after the May 31, 2010 deadline, and there is no reason to believe the outcome will be any different as a result of the delay.  See Andretti, 426 F.3d at 830.  No trial date has been set.  Therefore, in the interest of justice and allowing a potentially speedy resolution of this case, the Court finds good cause for modifying its scheduling order to permit the defendants to file a motion for summary judgment.  See Ashiegbu v. Purviance, 74 F.Supp.2d 740, 747 (S.D.Ohio 1998), aff'd, 194 F.3d 1311 (table), 1999 WL 801545 at *1 (6th Cir. Sep. 28, 1999).

III.

Based on the foregoing reasons, the Court grants the defendants' amended motion for leave to file motion for summary judgment (#46).  Defendants shall file their summary judgment motion on or before August 6, 2010.

Any party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  Fed. R. Civ. P. 72(a). The motion must specifically designate the order or part in question and the basis for any objection.  Fed. R. Civ. P. 7(b). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  Eastern Division Order No. 91-3, pt. I., F., 5.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge