IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jose E. Ortiz,                          :
                                            Case No. 2:06-cv-562
    Plaintiff,                    :

  v.                                    :   JUDGE WATSON

Sheriff James Karnes, et. al.,          :

    Defendants.                   :

REPORT AND RECOMMENDATION

    Plaintiff Jose E. Ortiz filed this action against former Ohio Governor Bob Taft, Franklin County Prosecuting Attorney Ron O'Brien, and Franklin County Sheriff James Karnes.  The Court previously dismissed all claims against Defendants Taft and O'Brien.  The sole remaining claim against Sheriff Karnes relates to the alleged unconstitutional conditions of plaintiff's confinement.  On August 5, 2010, Sheriff Karnes filed a motion for summary judgment on that remaining claim.  Mr. Ortiz timely objected to the motion, and Sheriff James Karnes submitted a reply.  For the following reasons, the Court will recommend that Sheriff Karnes's motion for summary judgement (#56) be granted.

I.

    Summary judgment is not a substitute for a trial when facts material to the Court's ultimate resolution are in dispute.  It may be rendered only when appropriate evidentiary materials as described in Fed. R. Civ. P. 56(c), demonstrate the absence of a material factual dispute and the moving party is entitled to judgment as a matter of law. <u>Poller v. Columbia Broadcasting Systems, Inc.</u>, 368 U.S. 464 (1962).  The moving party bears the burden of demonstrating that no material facts are in dispute,

and the evidence submitted must be viewed in the light most favorable to the nonmoving party. Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970). Additionally, the Court must draw all reasonable inferences from that evidence in favor of the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654 (1962). The nonmoving party does have the burden, however, after completion of sufficient discovery, to submit evidence in support of any material evidence of a claim or defense on which that party would bear the burden of proof at trial, even if the moving party has not submitted evidence to negate the existence of that material fact. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Of course, since " a party seeking summary judgment ... bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believe demonstrate the absence of a genuine issue of material fact," Celotex, 477 U.S. at 323, the responding party is only required to respond to those issues clearly identified by the moving party as being subject to the motion. It is with these standards in mind that the instant motion will be decided.

II.

Mr. Ortiz was incarcerated at the Franklin County Corrections Center II beginning on or about April 27, 2006. Mr. Ortiz's Complaint gives very general information about the conditions of his confinement. He alleges he was incarcerated in an over-populated jail cell, which was designed for eleven inmates but housed "in upwards of thirty inmates." (Compl. ¶6). Mr. Ortiz, however, does not allege any specific injury he suffered as a result of the overcrowding. He merely states that the detainees at the jail were placed "under immanent danger of serious physical harm due to the stress caused by overcrowded."

Again, however, he alleges no facts in the Complaint regarding what imminent danger he faced as a detainee or what serious physical harm he might have suffered.

Another aspect of Mr. Ortiz's complaint is that conditions of the jail were generally unsanitary. His allegations include that the inmates were not being provided cleaning supplies on a regular basis, that they were exposed to high cell temperatures, and that the jail staff turned off the ventilation system resulting in uncomfortable conditions. In addition, Mr. Oritz alleged that the walls were dirty and that garbage was not removed quickly enough. Mr. Ortiz does not allege, however, any specific injury that resulted from these unsanitary conditions.

In regard to the conditions of his confinement, Mr. Ortiz alleges that he exhausted all administrative remedies by his use of the jail's call card system. Mr. Ortiz also alleges that, in general, inmate complaints were met with retaliation which often consisted of repeatedly moving inmates into different cells, placing them in isolation, or taking away their privileges. He alleges that these actions were taken as a means to force detainees into settling their cases. Although Mr. Oritz makes these general allegations, he does not mention any injury that he personally suffered as a result of this alleged retaliation process.

III.

Mr. Ortiz was a pretrial detainee, and therefore his claims regarding the conditions of his confinement arise under the Due Process Clause of the Fourteenth Amendment. While <u>Estelle v. Gamble</u> and the Eighth Amendment Cruel and Unusual Punishment clause, by their terms, apply only to persons who have been convicted of a crime, persons who are incarcerated while awaiting trial cannot be treated less favorably than persons who are in prison following conviction. Consequently, although they are not

protected by the Eighth Amendment, the Fourteenth Amendment Due Process Clause protects pretrial detainees from treatment which can only be characterized as punishment.  See Bell v. Wolfish, 441 U.S. 520 (1979).  In practice, an Eighth Amendment claim for cruel and unusual punishment and Fourteenth Amendment due process claim are subjected to similar standards.  See Spears v. Ruth, 589 F.3d 249, 254 (6th Cir. 2009); Estate of Carter v. City of Detroit, 408 F.3d 305, 311 (6th Cir. 2005); Watkins v. City of Battle Creek, 273 F.3d 682, 685-86 (6th Cir. 2001).  For all Eighth Amendment claims, there must be an allegation of cruel and unusual punishment which rises to the level of an "unnecessary and wanton infliction of pain."  See Gregg v. Georgia, 428 U.S. 153,173 (1976).

To establish an Eighth Amendment violation, in the context of conditions of confinement, a plaintiff must demonstrate one of two alternatives; he must show either that he was incarcerated under conditions posing a substantial risk of serious physical harm or that he was deprived of the minimal civilized measure of life necessities.  See Farmer v. Brennan, 511 U.S. 825, 834 **(**1970); Wilson v. Seiter, 501 U.S. 294, 298 (1991); Rhoades v. Chapman, 452 U.S. 337, 347 (1981).

For all Eighth Amendment claims, there is a subjective and an objective component.  Objectively, the prison conditions must be "serious" as opposed to "trivial," "minor," or "insubstantial."  Subjectively, the defendant accused of violating the Eighth Amendment must have acted with a state of mind that can accurately be described as "deliberate indifference."  Both of these components require further explanation.

It is not always easy to distinguish between serious inhumane prison conditions and those which are not sufficiently substantial to implicate the constitutional prohibition against

-4-

cruel and unusual punishment.  The facts concerning the seriousness of a prison's condition are often in dispute.  In evaluating such claims, there is no definitive test that courts can use to decide if conditions are objectively cruel and unjust.  Rather courts should look to "evolving standards of decency" to determine if certain conditions are serious enough to pose a substantial risk of harm or deprive an inmate of minimal life necessities.  See Trop v, Dulles, 356 U.S. 86, 101 (1958) (plurality opinion).  Furthermore, conditions of confinement are permitted to be "restrictive and even harsh, [because] they are part of the penalty that criminal offenders pay for their offenses against society" as long as they are not objectively considered cruel and unusual under contemporary standards.  See Rhoades, 452 U.S. at 347.

As to the second component, in Farmer v. Brennan, 511 U.S. 825, 839 (1994), the Supreme Court adopted "subjective recklessness as used in criminal law" as the appropriate definition for deliberate indifference. It held that "a prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety. . ."  Id. at 837.  Officials must be aware of facts from which they could conclude that a substantial risk exists and must actually draw that conclusion. Id.  Prison officials who know of a substantial risk to the health or safety of an inmate are free from liability if "they responded reasonably to the risk, even if the harm ultimately was not averted."Id.  Because an Eighth Amendment claim must be based on deliberate indifference, mere negligence by a prison official with respect to prison conditions is not actionable under 42 U.S.C. § 1983.

In support of his motion for summary judgment, Sheriff

Karnes has submitted an affidavit from Major Michael Herrell of the Franklin County Sheriff's Office.  Major Herrell was the Facility Commander at the Franklin County Corrections Center II from 2001 to 2009.  In this position, he was responsible for the day-to-day operations of the facility including ensuring the health and welfare needs of the inmates, in addition to supervising the other staff assigned to the facility.  In his affidavit, Major Herrell states that although the inmate population during that time may have exceeded the most optimal levels, the basic needs of inmates were met throughout the relevant time period.  He further states that each inmate was given his or her own bed or stack-a-bunk.  In regard to the sanitary issues raised by the complaint, his affidavit states that inmates were given cleaning supplies on a daily basis, that trash was removed daily, and that cells were regularly inspected.  Furthermore, there is no "call card" on record in which Mr. Ortiz complained about the unsanitary conditions.  In his file there is only one "call card" from Mr. Ortiz and it dealt with Mr. Ortiz's being permitted to receive books.

    Mr. Ortiz's response to Sheriff Karnes's motion for summary judgment is entitled "Plaintiff's Objection to Defendant's Motion for Summary Judgment."  In this document, Mr. Oritz primarily relies on the allegations made in his complaint, and does not address many of the specific contentions made in the Herrell affidavit.  He provides no response to the contention that there was no danger to the health or safety of the prisoners in regard to overcrowding or sanitary issues.  He also does not respond to the allegation that there was no specific injury inflicted on him.  Even more detrimental to his claim is his failure to provide any additional support to show that, contrary to the Herrell affidavit, he faced imminent harm.

    Also in his response to Sheriff Karnes's motion for summary

judgment, Mr. Ortiz alleges that if there is no record that he complained about the conditions of confinement, that omission is a result of "action or inaction" on the part of defendants.  Even assuming that Sheriff Karnes or his employees either did not take or disregarded a call card, this in and of itself says nothing about the conditions of confinement that Mr. Ortiz faced.  In regard to the "call card," Mr. Ortiz claims that the call card resulted in retaliation, but does not specify what if any particular type of retaliation he suffered.  Therefore, the allegations about the call card and the alleged general retaliatory practices do not allege any specific injury, and consequently Mr. Ortiz fails to raise any issues of material fact concerning his claim.

    The Court has examined the evidentiary record and concludes that Mr. Ortiz has failed to come forward with evidence that is sufficient to create a genuine issue of fact regarding his constitutional claim.  Mr. Ortiz has made only unsworn allegations and has not submitted any evidence to support his claims.  Consequently, there is no evidence in the record to demonstrate that Mr. Ortiz was incarcerated under conditions posing a substantial risk of serious physical harm or that he was deprived of the minimal civilized measure of life necessities, either of which might satisfy the objective component of an Eighth Amendment claim.  There are also insufficient facts in the record to show that Sheriff Karnes demonstrated the necessary deliberate indifference for Mr. Ortiz to prevail on the subjective component of his Eighth Amendment claim.

IV.

    Based upon the foregoing reasons, it is recommended that the motion of defendant Sheriff James Karnes for summary judgment (#56) be granted.  Further, Mr. Ortiz's motion for reconsideration (#57) of the order granting leave to file a

summary judgment motion (#55) should be denied because there are no genuine issues of fact which would justify having a trial in this case.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen(14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b) (1) .

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decisions of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp  
United States Magistrate Judge