IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jose E. Ortiz,

    Plaintiff,

v.                                   Case No. 2:06–cv–562

Jim Karnes, et al.,               Judge Michael H. Watson
                                               Magistrate Judge Kemp

    Defendants.

## ORDER

On December 13, 2010, the Magistrate Judge issued a Report and Recommendation recommending that Defendants' motion for summary judgment be granted. Plaintiff Jose E. Ortiz has objected to that recommendation. For the following reasons, and after a *de novo* review of all of the issues raised, Mr. Ortiz' objection will be overruled, Defendants' motion will be granted, and this case will be dismissed.

I.

Mr. Ortiz' complaint alleges the existence of various unconstitutional conditions at the Franklin County jail, where he was incarcerated in 2006. These conditions included overcrowding, lack of sanitation and cleaning supplies, exposure to extremes of temperature, a flawed grievance system, and retaliation for pursing grievances. His complaint did not describe any particular injuries or acts of retaliation suffered directly by Mr. Ortiz.

Defendants supported their motion for summary judgment with an affidavit which generally described the jail conditions existing in 2006. The gist of that affidavit is that

while the jail was fairly crowded, basic inmate needs for sanitation and housing were still being met. The affidavit also recites that Mr. Ortiz filed only one grievance regarding law books while at the jail.

Under the summary judgment standard applicable in federal courts, when a party moving for summary judgment supports that motion by an affidavit which fairly addresses all of the claims made in the complaint, the non-moving party (in this case, Mr. Ortiz) must file either an affidavit or some other form of acceptable evidence, such as a deposition, contradicting the facts presented by the moving party. This is required both by Fed. R. Civ. P. 56(e)(2) and the case law interpreting that Rule. *See, e.g., Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 861 (6th Cir. 1986), where the Court of Appeals stated that:

> [o]nce the moving party presents evidence sufficient to support the motion under Rule 56(c), the adverse party must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The nonmoving party is not entitled to a trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint.

*Id.*

Mr. Ortiz did not file even his own affidavit in response to the summary judgment motion. Although he argues in his objection to the Report and Recommendation that he was unable to submit any evidence to oppose the motion because he was denied discovery, the only motion he filed relating to discovery was denied because he had not served any discovery requests prior to moving to compel discovery. ECF No. 17. It appears that he did not serve any discovery requests for almost two years thereafter. He never sought an order concerning those requests. Even a lack of discovery would not have prevented Mr. Ortiz from filing an affidavit based on his personal knowledge

describing how he suffered injury from the allegedly unconstitutional conditions about which he complains or how he was retaliated against for using or attempting to use the jail's grievance system. He never filed such an affidavit. Under these circumstances, the law is clear: absent evidence to rebut the affidavit submitted by Defendants, the Court cannot conclude that there are any factual issues to be tried. The Report and Recommendation therefore correctly concluded that summary judgment must be granted to Defendants.

## II.

For all of the reasons set forth above, the Report and Recommendation, ECF No. 60, is **ADOPTED AND AFFIRMED**. Plaintiff's objection to the Report and Recommendation, ECF No. 62, is **OVERRULED**. Defendants' motion for summary judgment, ECF No. 56, is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. Plaintiff's motion for reconsideration of the order granting Defendants leave to file a motion for summary judgment, ECF No. 57, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**Michael H. Watson, Judge**
**United States District Court**